# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KELVIN L. DICKERSON,

    Petitioner,

vs.                                                   No. Civ 18-0746 JB\KBM
                                                                  No. CR 13-3901 JB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts, on Petitioner Kelvin Dickerson's Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255, filed August 3, 2018 (Doc. 91)("Motion"). The primary issue is whether Dickerson filed the Motion within 28 U.S.C. § 2255(f)'s one-year limitations period. The Court concludes that Dickerson did not file the Motion within 28 U.S.C. § 2255(f)'s one-year limitations period. Accordingly, the Court denies the Motion as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2014, Dickerson was convicted, and the Honorable Frederick Motz, United States District Judge for the United States District Court for the District of Maryland,[1] sentenced Dickerson on, seven counts of Interference with Interstate Commerce by Robbery and one count of Conspiracy to Commit Interference with Interstate Commerce. See Amended Judgment at 1-2, filed December 15, 2014 (Doc. 70). Dickerson appealed to the United States

---

[1]On December 15, 2014, Judge Martz was sitting as a visiting judge in the United States District Court for the New Mexico.

Court of Appeals for the Tenth Circuit, which affirmed his conviction and sentence, but reversed the judgment on restitution.  See United States v. Dickerson, 678 F. App'x 706, 709 (10th Cir. 2017)(unpublished).  On remand, the Honorable Christina Armijo, then United States Chief District Judge for the United States District Court for the District of New Mexico, entered an Amended Judgment on March 13, 2017, and a Second Amended Judgment on March 16, 2017, modifying Dickerson's ordered restitution amount.  See Second Amended Judgment at 1-2, filed March 16, 2017 (Doc. 90).  Dickerson did not appeal the Second Amended Judgment.

When Judge Motz originally sentenced Dickerson, Dickerson was in State of New Mexico's primary custody awaiting sentencing on State criminal charges.  See Motion at 1.  The Second Amended Judgment is silent as to whether Dickerson's federal sentence would run concurrent with or consecutive to any sentence that the State court imposed.  See generally Second Amended Judgment.  In 2016, Dickerson was sentenced, pursuant to a plea agreement, to a term of twenty years in prison on the New Mexico charges.  See Motion at 10.  On direct appeal in the New Mexico courts, Dickerson challenged his State sentence on the grounds that it constituted double jeopardy in light of the federal conviction and sentence.  See State v. Dickerson, 2016 WL 6774019 (N.M. Ct. App. Oct. 3, 2016)(unpublished).  The Court of Appeals of New Mexico rejected his double jeopardy argument and affirmed his state conviction.  See 2016 WL 6774019, at *2.  The Supreme Court of New Mexico denied certiorari.  See State v. Dickerson, 2016 WL 6774019, at *1.

Dickerson filed his Motion on August 3, 2018.  Dickerson presents two issues that he asserts entitle him to set aside his federal conviction and sentence:

> 1.	Whether the defense counsel rendered ineffective assistance of counsel by giving a very faulty advice that by pleading guilty to the charges in federal court, later on the state court won[']t prosecute the same charges. . . .

> 2. Whether based upon the Fundamental Miscarriage of Justice doctrine the court shall vacate the conviction and sentence because it violates double jeopardy [as] multiple punishments.

Motion at 12. Dickerson argues that 28 U.S.C. § 2255(f)'s one-year statute of limitations does not bar his Motion: "Because my state direct appeal and the writ of certiorari to the New Mexico Supreme Court was not final until August of 2017. I did no[t] know whether the state court was going to grant any relief or not on the double jeopardy issue until this date." Motion at 11.

The Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Dickerson that his filing appeared to be untimely under § 2255(f) and gave Dickerson the opportunity to show cause why the Court should not dismiss his Motion. See Order to Show Cause at 1, filed June 10, 2019 (Doc. 1 in No. Civ. 18-0746 JB\KBM). Judge Molzen notified Dickerson that he needed to identify any justification for the Motion's timeliness under § 2255(f) -- including any basis for equitable tolling -- and any facts supporting such a basis. See Order to Show Cause at 2-3. Judge Molzen informed Dickerson that, to show entitlement to equitable tolling he needed to demonstrate: (i) that he had been pursuing his rights diligently; and (ii) that some extraordinary circumstance stood in his way and prevented timely filing. See Order to Show Cause at 1 (citing Lawrence v. Florida, 549 U.S. 327, 336 (2007); Yang. v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)). Judge Molzen also advised Dickerson that, if he failed to show cause within thirty days, the Court could dismiss his Motion as untimely without further notice. See Order to Show Cause at 3. Dickerson did not respond to the Order to Show Cause. Dickerson seeks collateral review of his sentence under 28 U.S.C. § 2255.

## THE LAW REGARDING THE § 2255 STATUTE OF LIMITATIONS

Section 2255(f) states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f). Section 2255 motions have a one-year limitations period. See 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final."). "A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final." United States v. Valencia, 472 F.3d 761, 763 (10th Cir. 2006). "In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." United States v. Prows, 448 F.3d at 1227-28.

Absent a basis for equitable tolling, the limitations period expires one year after the criminal conviction becomes final.  See Clay v. United States, 537 U.S. 522, 524 (2003); United States v. Prows, 448 F.3d at 1227-28.  To be entitled to equitable tolling, a movant must show (i) that he has been pursuing his rights diligently, and (ii) that some extraordinary circumstance stood in his way and prevented timely filing.  See Lawrence v. Florida, 549 U.S. at 336 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Yang. v. Archuleta, 525 F.3d at 928).  Equitable tolling is available when the prisoner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Lawrence v. Florida, 549 U.S. at 336.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  An untimely direct appeal or a motion to reduce sentence would not alter or toll the running of § 2255(f)'s one-year limitation period.  See United States v. Terrones-Lopez, 447 F. App'x 882, 884-85 (10th Cir. 2011)(unpublished).[2]

---

[2]United States v. Terrones is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored.  However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court concludes that United States v. Terrones-Lopez, 447 F. App'x 882 (10th Cir. 2011)(unpublished) has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

## ANALYSIS

Dickerson was sentenced and judgment was entered on December 15, 2014. See Second Amendment Judgment at 1. Dickerson appealed, and the Tenth Circuit reversed, in part, on February 27, 2017. See United States v. Dickerson, 678 F. App'x at 709. Based on the Tenth Circuit's decision, Chief Judge Armijo re-sentenced Dickerson on March 16, 2017. See Second Amended Judgment at 1. Dickerson did not appeal from the Second Amended Judgment. Dickerson did not file the Motion until August 3, 2018, more than one year after the Second Amended Judgment became final. See Motion at 1.

The issues Dickerson raises in his Motion challenge his original conviction, not the restitution amendment to his sentence. See Motion at 12-16 (arguing that he received ineffective assistance of counsel in his federal prosecution, and that the State of New Mexico's prosecution violates Dickerson's double jeopardy rights). Therefore, the statute of limitations on his claim began running when his conviction became final in February, 2017. See 28 U.S.C. § 2255(f)(1). Dickerson did not file his Motion until August 3, 2018, well after his conviction and sentence were finalized and the one-year statute of limitations for his § 2255 Motion had lapsed. Further, even if the Motions were to challenge the restitution amendment, Dickerson did not file the Motion within one year after the Second Amended Judgment became final on March 31, 2017, after the time to appeal expired. See United States v. Prows, 448 F.3d at 1227. On the face of Dickerson's Motion, his filing is untimely for § 2255(f)(1)'s purposes. See Clay v. United States, 537 U.S. 524. Unless there is a basis for the limitations period to run from a different date, or for equitable tolling, § 2255 time-bars Dickerson's Motion.

The record does not establish that the statute of limitations should run from a different date. Dickerson does not contend that any governmental action in violation of the Constitution or laws

of the United States of America impeded his ability to file a § 2255 motion. See 28 U.S.C. 2255(f)(2). Nor does Dickerson base his Motion on a right that the Supreme Court of the United States of America newly recognized or made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3). Last, his arguments all relate to matters that he knew at the time of his original conviction, appeal, and sentence, and he does not argue any newly discovered facts in support of his claims. See 28 U.S.C. § 2255(f)(4).

Second, Dickerson presents no arguments or evidence for the statute of limitations' equitable tolling. Judge Molzen notified Dickerson that his filing appeared to be untimely under § 2255(f) and gave him the opportunity to identify any basis his Motion's timeliness under § 2255(f), including any basis for equitable tolling. See Order to Show Cause at 1. Dickerson does not make any showing that he has been pursuing his rights diligently, or that some extraordinary circumstance stood in his way and prevented timely filing. See Lawrence v. Florida, 549 U.S. at 336; Yang. v. Archuleta, 525 F.3d at 928. Indeed, Dickerson did not respond to Judge Molzen's Order.

In his § 2255 Motion, Dickerson appears to argue that his filing should be considered timely, because, until proceedings were completed in New Mexico state court, he did not know whether the State would grant him relief on the double jeopardy issue. See Motion at 11. The state court proceedings' pendency might be relevant to tolling of the statute of limitations for a state-custody habeas corpus petition under 28 U.S.C. § 2244(d)(1)(A) and (2). New Mexico state court proceedings relating to a New Mexico state law conviction do not serve, however, to toll the one-year statute of limitations governing collateral review of Dickerson's federal conviction and sentence. See 28 U.S.C. § 2255(f); Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003); Gonzalez v. United States, 135 F. Supp. 2d 112 (D. Mass. 2001)(Young, C.J.).

Dickerson does not respond to Judge Molzen's Order to Show Cause.  Although Judge Molzen gave Dickerson the opportunity, Dickerson did not make any showing that the limitation period should run from a different date or that circumstances exist to toll the statute of limitations' running.  See 28 U.S.C. § 2255(f); Marsh v. Soares, 223 F.3d at 1220-21.  On the face of his filings, the Motion is time-barred.  See United States v. Prows, 448 F.3d at 1227; Marsh, 223 F.3d at 1220.

The Court also determines, under rule 11(a) of the Rules Governing Section 2255 Cases, that Dickerson did not make a substantial showing that he has been denied a constitutional right.  Even if the statute of limitations did not bar his claims, he would not be entitled to relief under § 2255 on his double jeopardy argument.  See Gamble v. United States, 139 S. Ct. 1960 (2019) (the Double Jeopardy Clause allows a State to prosecute a defendant under state law even if the federal government has prosecuted him for the same conduct under a federal statute).  The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255, filed August 3, 2018 (Doc. 91), is denied as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f), and a Certificate of Appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Kevin L. Dickerson
Santa Rosa, NM

*Petitioner pro se*

*Petitioner pro se*